T.C. Memo. 2013-159

UNITED STATES TAX COURT

BLAIR T. WESSNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26714-10L.                    Filed July 1, 2013.

Blair T. Wessner, pro se.

William R. Brown, Jr., for respondent.

MEMORANDUM OPINION

FOLEY, Judge:  The issue for decision is whether respondent abused his

discretion in determining to proceed with the collection of petitioner's 2006

**[\*2]** Federal income tax liability by levy.  The parties submitted this case fully stipulated pursuant to Rule 122.[1]

<u>Background</u>

Petitioner failed to file her 2006 Federal income tax return, and respondent, pursuant to section 6020(b), prepared a substitute for return.  Respondent, on June 5, 2009, sent petitioner a notice of deficiency, and on May 3, 2010, sent petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing relating to 2006.  On May 19, 2010, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing; attached a 16-page letter in which she asserted that respondent lacked authority to file a substitute for return; and stated that "the heart of this matter and appeal, is the lack of any statute which clearly and unequivocally makes me liable for, or subject to, the federal income tax imposed".

On July 8, 2010, respondent scheduled a telephonic collection due process (CDP) hearing and informed petitioner that a face-to-face hearing would be available only if she withdrew previously asserted frivolous issues and submitted all required returns.  Respondent also requested that petitioner submit financial

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] documentation; proof that she was current with all Federal income tax obligations; a Form 656, Offer in Compromise; and a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

On August 11, 2010, Appeals Officer Donna Connolly (AO Connolly) conducted a telephonic hearing. Petitioner asserted that she was entitled to challenge her underlying tax liability and requested a face-to-face hearing. AO Connolly informed petitioner that she was not entitled to challenge her underlying tax liability and denied her request for a face-to-face hearing. On September 1, 2010, petitioner informed AO Connolly that she had not received a notice of deficiency relating to 2006. AO Connolly was unable to verify that petitioner had received a notice of deficiency and transferred her case to Appeals Officer Eric Feinman (AO Feinman).

On September 29, 2010, AO Feinman sent petitioner a letter informing her that she was entitled to challenge her underlying tax liability by submitting a 2006 Federal income tax return. AO Feinman also informed petitioner that respondent would issue a determination based on the information in the administrative record if she did not submit the return on or before October 13, 2010. Petitioner did not submit the requested return or otherwise challenge her underlying tax liability. On October 27, 2010, respondent sent petitioner a notice of determination sustaining

**[\*4]** the proposed collection action.  On December 1, 2010, petitioner, while residing in  Florida, filed a petition with the Court.

Discussion

During the CDP hearing petitioner had the opportunity, but failed, to challenge her underlying tax liability.  See Thompson v. Commissioner, 140 T.C. __, __ (slip op. at 10) (Mar. 4, 2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); Giamelli v. Commissioner, 129 T.C. 107, 114 (2007).  Therefore, petitioner's underlying tax liability is not properly before the Court and we review respondent's determination for abuse of discretion.[2]  See Thompson v. Commissioner, 140 T.C. at __ (slip op. at 9-10); Giamelli v. Commissioner, 129 T.C. at 115-116.  Petitioner raised frivolous issues in her CDP hearing request, did not raise any relevant issues during the hearing, did not propose a collection alternative, and did not provide requested documentation.  Accordingly, respondent did not abuse his discretion.  See Gould v. Commissioner, 139 T.C. __, __ (slip op. at 81-82) (Nov. 26, 2012) (holding that it is not an abuse of discretion for the Commissioner to reject a taxpayer's request for a face-to-face hearing if such a hearing would be

---

[2]There is insufficient documentation in the record to establish petitioner's underlying tax liability, even if it were at issue.  See Rule 142(a).

**[\*5]** futile); <u>Pough v. Commissioner</u>, 135 T.C. 344, 351 (2010) ("[W]hen an Appeals officer gives a taxpayer an adequate timeframe to submit requested items, it is not an abuse of discretion to move ahead if the taxpayer fails to submit the requested items."); sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.